UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ELENDELL  BOGGS  and RANDY MOUZON ,

                    Plaintiffs,        Docket No:

    -against-                    VERIFIED COMPLAINT AND
                                DEMAND FOR JURY TRIAL

TOWN OF RIVERHEAD, Riverhead Town Police Officers
"JOHN DOES "1-10 and "JANE DOES" 1-10,   in their official and
individual capacities; RIVERHEAD VILLAGE PRESERVATION
LLP; CITY OF NEW YORK; New York City Law Enforcement
 Agents "JOHN DOES" 1-10 and "JANE DOES" 1-10, in their official and
 individual capacities and ; New York State Law Enforcement Agents
"JOHN DOES", 1-10 and "JANE DOES", 1-10 in their  official
and individual capacities,
                      Defendants
-----------------------------------------------------------------X

       PLAINTIFFS   ELENDELL  BOGGS and RANDY MOUZON, by and through their

attorney ,Harriet A. Gilliam, hereby submit this Complaint and state and allege as follows:

**PRELIMINARY STATEMENT**

`     1.  This is a civil action seeking monetary relief, compensatory and punitive damages,

disbursements, costs and attorney's fees for violations of the Plaintiffs' rights, brought pursuant

to 42 U.S.C. Section 1983 alleging a violation of Plaintiffs' Fourth Amendment rights  to be free

from  unlawful entry, unlawful detainment, unlawful search,  false arrest, abuse of process, and

unlawful eviction.  Plaintiffs further allege a violation of their constitutional rights pursuant to

Section 1983 as a result of the conspiracy between the Riverhead Village Preservation, LLP

defendants and the municipal Defendants to deprive Plaintiffs of their constitutional rights to be

free from unlawful entry, unlawful detainment, unlawful arrest and unlawful search, in violation

of the Fourth Amendment to the U.S. Constitution.

      2.  Specifically, the Plaintiffs allege that the municipal/governmental  Defendants

(collectively and individually) negligently, wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive them of their Constitutional rights, pursuant to the above mentioned statutes and causes of action by committing acts under color of law resulting in the deprivation of the  Plaintiffs' rights secured by the U.S. Constitution and laws of the State of New York.

3.  Plaintiffs allege that the municipal  Defendants (collectively and individually) their agents, employees and servants wrongfully and/or unlawfully accused, detained, seized, falsely imprisoned , harassed and abused them,  Further, Defendants lacked reasonable basis,  reasonable suspicion, probable cause, adequate cause, and/or justification to subject Plaintiffs to the above wrongful acts.

4.  Plaintiffs further allege that the municipal Defendants (collectively and individually) were negligent in training, hiring and supervising its officers, agents, employees and representatives in carrying out searches and arrests, thereby resulting in a denial of Plaintiffs' constitutional rights under the Fourth Amendment.   Additionally, collective Defendants are liable to the Plaintiffs for conspiring to condone the actions of the municipal defendants' violation of  Plaintiffs' constitutional rights in violation of Section 1983..
Plaintiffs allege that the municipal/governmental Defendants are liable for maliciously failing to investigate, for abusing well-established processes/procedures, and for wrongfully detaining Plaintiffs.

5.  As a result of the municipal/governmental Defendants' actions or lack thereof, Plaintiffs were improperly and unlawfully subjected to unlawful search, detention, abuse, and stress, all of which  caused Plaintiffs to suffer physical, mental and emotional injuries.

## JURISDICTION AND VENUE

6.  The jurisdiction of this Court is invoked under 28 U.S.C. Sections 1331 and 1343.

7.  Venue in the Eastern District of New York is proper under 28 U.S.C. Section 1391, based upon the fact that at all times relevant hereto, Plaintiffs resided in Suffolk County, Town of  Riverhead.  Furthermore, the place where the events and violations herein alleged occurred is the Town of Riverhead, Suffolk County, State of New York.

8.  In accordance with New York State's General Municipal Law Section  50-e. Municipal Defendants Town of Riverhead were timely served with a Notice of Claim.  Pursuant to General Municipal Law Section 50-h a hearing was held on July 1, 2015 at which the depositions of the Plaintiffs were taken.

## PARTIES

9.  Plaintiff, ELENDELL BOGGS,  is an African American adult female who, at all times relevant hereto, resided at 821 East Main Street, Riverhead, New York, Apartment F-15 and was the named tenant on the lease which was still in effect at all relevant times.

10. Plaintiff RANDY MOUZON  is an African American adult male, who at all times relevant hereto was an invitee of ELENDELL BOGGS,  and resided at 821 East Main Street, Riverhead, New York, Apartment F-15 as an invitee of Plaintiff Boggs. .

11.  Upon information and belief, Defendant TOWN OF RIVERHEAD, (hereinafter TOWN)  is a duly constituted municipal corporation of the State of New York.   Upon information and belief, the TOWN  formed and has direct authority over several individual Departments including the Riverhead Police Department. The Riverhead Police Department

3

and/or the employees, agents or representatives of said departments are directly involved in the violations that are at issue in this complaint.

12.  Upon information and belief, and at all times relevant herein,  Riverhead Defendants "John Does" 1-10 and "Jane Does "1-10 are police officers employed by the Town of Riverhead, under the direction of the Town of Riverhead Police Department and were acting in furtherance of the scope of their employment, acting under color of State law.  These individuals are being sued in their official and individual capacities.

13.  Upon information and belief, City of New York is a duly organized municipal corporation. New York City Defendants "John Does"1-10  and "Jane Does "1-10 are law enforcement agents employed by the City  of New York, and were acting in furtherance of the scope of their employment acting under color of State law and are named in their representative and individual capacities.

14.  Upon information and belief, New York State Defendants " John Does" 1-10 and "Jane Does" 1-10 are law enforcement agents employed by the State of New York, and were acting in the furtherance of the scope of their employment , acting under color of State law.

15.  Upon information and belief Private Defendant is a limited liability company, authorized to do business in New York State. .

**FACTUAL ALLEGATIONS**

16.  On November 6, 2014 at approximately 10:00 a.m., Plaintiffs were in their apartment F-15 at 821 East Main Street, Riverhead, New York 11901.   Plaintiffs' apartment door faces a hallway, where there is a locked door at the end of said hallway.

17.   The only means by which to gain access to the hallway which Plaintiffs'

apartment door faces is by a key to the hall door, or by someone, either management or a

tenant, providing access to the hallway door.

18.  Based upon the layout of the Plaintiffs' apartment, the Defendant Officers could

not have had access to the Plaintiffs' apartment door without someone from defendant

management company giving them access through the locked door.

19.  At the time that the Defendant Officers unlawfully gained access to the hallway,

there was a knock on the door of Apartment F-15 and Plaintiff Boggs went to the door and

opened it, not knowing that police officers and law enforcement officers  were on the other side

of the door.  There was no announcement by these individuals that they were police or law

enforcement officers

20.  When Plaintiff Boggs opened the door, several police and law enforcement officers

pushed  past her and entered the apartment without asking her permission to enter and demanded

that Plaintiff tell them who was there in the apartment .  The law enforcement and police officers

did not identify themselves upon the forced entry and did not state the purpose for their presence.

21.  The law enforcement and police officers did not request of Plaintiffs permission to

enter their apartment:  Nor did they present a search warrant or initially state their reason for

entering Plaintiffs' apartment.

22.  The unidentified  Town of Riverhead, City of New York and State of New York

officers ran past Plaintiff Boggs, asking her who was in the apartment, still not identifying

themselves,  nor the reason for their presence in Plaintiffs' apartment.

23.  The unidentified officers brought all of the individuals in the apartment into the

living room and handcuffed them all, except Plaintiff Boggs.

24  Plaintiff Boggs was told to set on the couch and place her hands on her lap and not to move.

25.  When Plaintiff Boggs' phone rang, she was told by one of the officers that she could not answer it, then she was told that she could answer, but she had to tell the caller that she could not talk.  She was subsequently told to turn the phone off.

26 . Plaintiff Boggs began crying as she was being detained by the officers and expressed to them her concern that she was going to be evicted because of the police coming to her apartment.

27.  Plaintiff Boggs did have legitimate concerns about being evicted in that within six months of this incident, the Defendant   landlord , Riverhead Village Preservation, LLP,did take action to evict her based upon false and unwarranted reasons where the actual reasons was related to the police activity on November 6, 2014. .

28.  The officers responded to Plaintiff Boggs that Defendant Landlord's manager Kelly told them they could come up to Plaintiff Boggs' apartment and throw out anyone who didn't belong.  The officers then called Kelly up to Plaintiff Boggs' apartment and she came up and had a conversation with some of the officers and then returned downstairs.

29.  In response to Plaintiff Boggs' question as to why the officers were at her apartment, one of them responded that they would tell her when they felt like it , and that she would know when she needed to know.

30  Plaintiff Boggs continued to cry hysterically to the extent that one of the officers told her son to give her water and quiet her down.  The officer removed the handcuffs from Plaintiff Boggs' son in order for him to do so.

31.  Throughout this time that Plaintiffs were being detained, the officers were

searching the bedroom, still not identifying why they were there and for what they were looking.

32.  One of the officers then inquired as to who is "Randy" and Plaintiff Mouzon identified himself.

33.  The officers then directed Plaintiff Mouzon, who was still handcuffed, to come with them to the back  bedroom.

34.  Approximately 20 minutes later, the officers called Plaintiff Boggs to the back bedroom where they were detaining Plaintiff Mouzon in handcuffs.

35. The officers told Plaintiffs Boggs and Mouzon that if Plaintiff Mouzon did not help them, they were going to lock Plaintiff Mouzon up.

36.  For the first time, the officers stated that they were looking for Plaintiff Mouzon's son and again the officers threatened that if Plaintiff Mouzon did not assist them, they were going to execute a warrant and have Plaintiff Mouzon arrested. .

37.  At no time did Plaintiff Mouzon fail to cooperate with the officers .

38.  During the entire period of Plaintiffs' unlawful detainment, Plaintiff Mouzon was denied medical assistance in the form of his asthma puff and the officers mocked him and taunted him as he was visibly experiencing difficulty breathing.

## FIRST CAUSE OF ACTION

### UNLAWFUL ENTRY

39.  Plaintiffs repeat and reallege each and every allegation of the complaint as set forth herein.

40  Defendant officers entered Plaintiffs' premises without permission and without legal authority , holding and detaining Plaintiffs without their consent or permission.

7

7

41  Defendant officers had no legal right to enter the Plaintiffs' premise at apartment F-

15.

42.  As a result of the Defendant Officers' unlawful entry, Plaintiffs were denied their

constitutional right to be free from unlawful entry and  suffered physical and

emotional damages and  damage of reputation to their character.


## SECOND CAUSE OF ACTION


43.  Plaintiffs reallege each and every factual allegation as fully set forth in the complaint

herein.

44.  The actions of the Defendant officers caused Plaintiffs to know and understand that

they were being detained.

45.  Plaintiffs were unlawfully detained, without their permission, for approximately two

hours.

45.  Plaintiff Mouzon was handcuffed during the entire period that he was detained,

without there being any reasonable basis for the Defendant officers to take said action.

46.  As a result of said unlawful detainment, Plaintiffs experienced pain and suffering ,

mental anguish, emotional distress and damage to their reputation.  Defendants' actions

also resulted in actions being taking to evict Plaintiffs from their apartment.


8

**THIRD CAUSE OF ACTION**

SECTION 1983 UNLAWFUL SEARCH

47.  Plaintiffs reallege each and every allegation of the complaint as fully set forth.

48.  Individual Defendant officers, while  acting under color of  State law conducted an unlawful search of Plaintiff Boggs' premises without her permission and without legal authority or just cause,  in violation of the Fourth Amendment  pursuant to Section 1983.  .

49.  As a result of  defendant officers' unlawful search, Plaintiffs suffered hurt, physical injury, mental anguish, emotional damage, damage to their name and reputation.

**FOURTH CAUSE OF ACTION**

SECTION 1983 FAILURE TO INTERVENE

50.  Plaintiffs reallege the allegations of each and every paragraph of the complaint as set forth herein.

51.  Individual Defendant Officers and law enforcement agents condoned and stood by without intervening when fellow officers and agents  took action that violated Plaintiffs' Fourth Amendment Rights to be free from unlawful entry, unlawful detainment, unlawful search and unlawful arrest.

52.  As a result of the Defendant Officers'  and agents' failure to intervene, Plaintiffs suffered physical and emotional damages and  hurt and humiliation, damage to their reputation and they were ultimately unlawfully evicted, thereby rendering them homeless..

9

## FIFTH CAUSE OF ACTION

### SECTION 1983 FALSE ARREST

53.  Plaintiffs reallege the allegations of each and every paragraph of the complaint as set forth.

54.  Individual Defendant Officers' and agents' actions constituted an unlawful arrest of Plaintiffs in violation of their Fourth Amendment rights, in that Plaintiffs were wrongfully detained, without lawful reason and were not free to leave.

55.  As a result of the unlawful arrest, Plaintiffs suffered physical and emotional harm, damage to their reputation, and hurt and humiliation and they were ultimately evicted based upon said unlawful arrest, thereby rendering them homeless.

## SIXTH  CAUSE OF ACTION

### SECTION 1983 CONSPIRACY

56.  Plaintiff reallages each and every allegation of the complaint as set forth herein.

57.  Defendant Officers and representatives of Riverhead Village Preservation, LP conspired to deprive Plaintiffs of their Constitutional right to be free from unlawful detainment, arrest, search, in that the residential manager ,Kelly, gave the individual officers and agents access to the building with knowledge and intent to have them carry our an unlawful entry,

detainment, arrest and search, in violation of Plaintiff's Fourth Amendment rights.

58.  As a result of said conspiracy, Plaintiffs were subjected to unlawful detainment, false arrest and unlawful search, in violation of the Fourth Amendment to the U.S. Constituion.

59.  As a result of said conspiracy pursuant to 42 U.S. C. 1983, Plaintiffs suffered physical hurt, emotional suffering, pain, humiliation , embarrassment, damage to reputation and unlawful eviction, rendering them homeless..

## SEVENTH  CAUSE OF ACTION

### 1983 FAILURE TO TRAIN

60.  Plaintiffs reallege each and every allegation of the complaint as fully set forth herein.

61.   Municipal defendants had a duty to properly train Defendant officers as to the legal requirements for entering a premises, conducting a search and detaining individuals.

62.  Municipal defendants breached said duty by failing to properly train officers in their employ as to how to execute lawful entries, arrests and searches.

63.  As a result of the municipal defendants' negligence, Plaintiffs were subjected to an unlawful entry into their apartment and unlawful detainment/arrest and unlawful searches and unlawfully threatened with arrest.

64.  As a result of said municipal negligence, Plaintiffs suffered physical and emotional harm, hurt, humiliation, embarrassment, damage to reputation and unlawful eviction, rendering then homeless. .

## DAMAGES

Plaintiffs, as and for their demand for relief seek as follows

1. For Plaintiff Boggs, Twelve Million Dollars in compensatory damages;

And punitive damages against the individual defendants  in an amount to be determined at trial;

2. For Defendant Mouzan ,Twelve  Million Dollars in compensatory damages and

Punitive damages against the individual defendants in an amount to be determined at trial.

**3.** Attorney's  Fees and costs;

4.  Such other and further relief as the Court deems just and appropriate .

Dated:  Riverhead, New York
       September 15, 2017

/s/
_____
HARRIET A. GILLIAM (HAG2333)
Attorney for Plaintiffs
P.O. BOX 1485
Riverhead, NY  11901
(631) 369-1400

12