**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
ELENDELL BOGGS and RANDY MOUZON,

                      Plaintiff,

          -against-

TOWN OF RIVERHEAD, Riverhead Town Police Officers "JOHN DOES" 1-10 and "JANE DOES" 1-10, in their official and individual capacities; RIVERHEAD VILLAGE PRESERVATION LLP; CITY OF NEW YORK; New York City Law Enforcement Agents "JOHN DOES" 1-10 and "JANE DOES" 1-10, in their official and individual capacities and; New York State Law Enforcement Agents "JOHN DOES" 1-10 and "JANE DOES" 1-10, in their official and individual capacities,

                    Defendants.
---------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:17-cv-05411 (ADS) (SIL)

FILED
CLERK
12:12 pm, Nov 07, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

**Law Office of Harriet A. Gilliam**
*Attorney for the Plaintiff*
21 W Second St
Po Box 1485
Riverhead, NY 11901
      By:    Harriet A. Gilliam, Esq., Of Counsel.

**Campolo, Middleton & McCormick, LLP**
*Attorneys for Defendants Town of Riverhead and Riverhead Town Police Officers Joh Does 1-10 and Jane Does 1-10*
4175 Veterans Memorial Hwy
Ronkonkoma, NY 11779
      By:    William McDonald, Esq.,
                 Meghan McGuire Dolan, Esq., Of Counsel.

**London Fischer LLP**
*Attorneys for Defendant Riverhead Village Preservation LLP*
59 Maiden Lane, 39th Floor
New York, NY 10038
      By:    Brian Patrick McLaughlin, Esq., Of Counsel.

**NYC Law Department**
*Attorneys for Defendant City of New York*
100 Church Street
New York, NY 10007
 By: Jacqueline C. Chavez, Senior Corporation Counsel, Of Counsel.

**SPATT, District Judge**:

The plaintiffs Elendell Boggs ("Boggs") and Randy Mouzon ("Mouzon") (collectively, the Plaintiffs") brought this action pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging violations of their federal and state constitutional rights by the Town of Riverhead (the "Town"), Riverhead Village Preservation LLP, the City of New York (the "City"), and various law enforcement officers named as John and Jane Does.

Presently before the Court is a motion to dismiss by the City, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6), seeking to dismiss the claims against the City for failure to state a claim upon which relief may be granted. ECF 12. For the following reasons, the Court grants the motion to dismiss by the City in its entirety.

## I. BACKGROUND

This action arises from an incident that allegedly took place on November 6, 2014 at the Plaintiffs' apartment in Riverhead, Suffolk County, New York. ECF 1 ¶ 16. According to the Plaintiffs, law enforcement officers from the Town, the City, and the State of New York entered the Plaintiffs' apartment without requesting permission, showing a search warrant, identifying themselves, or explaining the reason for their presence. *Id.* ¶ 19–21. Upon entering the apartment, they handcuffed all the individuals present, including Mouzon, but not Boggs, who they told to sit on the couch. *Id.* ¶¶ 23–24. The officers then proceeded to search the remainder of the apartment. *Id.* ¶ 31.

The Complaint alleges that the officers "mocked" and "taunted" and threatened the Plaintiffs throughout the search. *Id.* ¶ 38. At some point, one of the officers took Mouzon into a different room and called Boggs into that room 20 minutes later. *Id*. ¶¶ 33–34. Then, the officers told the Plaintiffs that they were looking for Mouzon's son and threatened to arrest the Plaintiffs if they did not assist. *Id.* ¶¶ 35–36. The Plaintiffs further allege that the officers denied Mouzon medical assistance in the form of his asthma inhaler, despite his visible difficulty breathing. *Id.* ¶ 38.

Based on these events, the Plaintiffs allege that the Town, the City, and the State of New York (the "State") conspired to violate their rights under the United States and New York State Constitutions. *Id.* ¶¶ 56–59. The Plaintiffs assert that the Town, the City, and the State engaged the Village, which is the management company of the Plaintiffs' apartment building, in the conspiracy. *Id.* ¶ 17, 27, 57. Accordingly, the Plaintiffs brought this action against the Town, the City, and the Village, as well as Riverhead Town Police Officers, "John Does" 1-10 and "Jane Does 1-10"; New York City Law Enforcement Agents "John Does" 1-10 and "Jane Does 1-10" (the "City John and Jane Does"); and New York State Law Enforcement Agents "John Does" 1-10 and "Jane Does 1-10."

On March 5, 2018, the City brought the present motion seeking dismissal of the action against itself. ECF 12.

## II. DISCUSSION

**A. THE LEGAL STANDARD ON A MOTION TO DISMISS PURSUANT TO RULE 12(B)(6).**

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*,

448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of N.Y.*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free School Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007). The Second Circuit has explained that, after *Twombly*, the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L.Ed. 2d 868 (2009)).

Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679.

**B. THE CITY'S SECTION 1983 MUNICIPAL LIABILITY.**

Under Section 1983, a municipality cannot be held liable solely on a theory of *respondeat superior*. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694–95, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). "Rather, in order to sustain a claim for relief pursuant to § 1983 against a municipal defendant, a plaintiff must show the existence of an official policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right." *Norton v. Town of Brookhaven*, 33 F. Supp. 3d 215, 244 (E.D.N.Y. 2014) (Spatt, J.).

A plaintiff can establish the existence of a municipal policy or custom by showing:

the existence of[ ] (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision-making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence *16 can be implied on the part of the policy making officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of those who come in contact with the municipal employees.

*Boston v. Suffolk Cty., New York*, 326 F. Supp. 3d 1, 15–16 (E.D.N.Y. 2018) (Spatt, J.); *Norton*, 33 F. Supp. 3d at 244; *see also Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) (explaining that municipal liability attaches if acts "were done pursuant to municipal policy, or were sufficiently widespread and persistent to support a finding that they constituted a custom, policy, or usage of which supervisory authorities must have been aware, or if a municipal custom, policy, or usage would be inferred from evidence of deliberate indifference of supervisory officials to such abuses.").

The Plaintiffs assert *Monell* liability under a failure to train theory. ECF 16 at 2, 4. They claim that "the municipal Defendants (collectively and individually) were negligent in training, hiring and supervising its officers and agents, employees and representatives in carrying out searches and arrests, thereby resulting in a denial of Plaintiffs' constitutional rights under the Fourth Amendment." *Id.* at 4. The Court finds that the Complaint fails to state a claim in this regard.

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011). Only where a plaintiff can demonstrate that a municipality's failure to train "amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact" will a policy or custom actionable under Section 1983 be established. *Moray*

*v. City of Yonkers*, 924 F. Supp. 8, 12 (S.D.N.Y. 1996); *see also Connick*, 563 U.S. at 61–62, 131 S.Ct. 1350; *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989).

While plaintiffs need not prove their allegations at the pleading stage, a complaint will only survive a motion to dismiss if it "contain[s] specific factual allegations tending to support the inference that the municipality failed to train its employees." *Aguilera v. Cty. of Nassau*, 425 F. Supp. 2d 320, 324 (E.D.N.Y. 2006) (Spatt, J.). Generally, allegations of a single, isolated incident of police misconduct will not suffice. *See City of Canton*, 489 U.S. at 387, 109 S.Ct. 1197; *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir.1993) ("[A] single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy."); *Sorlucco v. N.Y. City Police Dep't*, 971 F.2d 864, 870 (2d Cir.1992) (A municipality "may not be held liable under § 1983 simply for the isolated unconstitutional acts of its employees.").

Here, the Complaint is devoid of specific factual allegations that, even when viewed in the light most favorable to the Plaintiffs, would support a claim under *Monell*. The only allegations in the Complaint relate to the search of the Plaintiffs' apartment itself, and shed no light on the City's customs, policies, or training. The remaining allegations in the Complaint consist of bare conclusory assertions that the City failed to properly train its officers.

Courts routinely reject claims such as these as bases for attaching municipal liability. *See Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir.1995) ("[T]he mere assertion ... that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference."); *Neighbour v. Covert*, 68 F.3d 1508, 1512 (2d Cir. 1995) ("The mere allegation that the municipality failed to train its employees properly is

insufficient to establish a municipal custom or policy."); *Burbar v. Inc. Vill. of Garden City*, 961 F. Supp. 2d 462, 472 (E.D.N.Y. 2013) (Spatt, J.) ("[T]he mere assertion that there exists such a policy or custom, absent specific allegations of fact tending to support such an inference, is insufficient." (quoting *Batista v. City of New York*, No. 05-CV-8444, 2007 WL 2822211, at *4 (S.D.N.Y. Sept. 24, 2007)); *Aguilera*, 425 F. Supp. 2d at 24 (dismissing complaint where "[t]he only factual allegations in the complaint describe the isolated events that occurred on August 26, 2004" and the remainder "consist[ed] of bare, conclusory statements").

Further, even assuming the Complaint contained more factual color, it is nonetheless legally deficient because the Plaintiffs only allege mere negligence by the City. ECF 1 ¶¶ 4 ("Plaintiffs further allege that the municipal Defendants (collectively and individually) were negligent in training, hiring and supervising its officers, agents, employees and Representatives"), 63 (claiming the constitutional violations occurred "[a]s a result of the municipal defendants' negligence"), 64 (claiming their injuries occurred "as a result of said municipal negligence"). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action," *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 1391, 137 L.Ed.2d 626 (1997). "[D]emonstration of deliberate indifference requires a showing that the official made a conscious choice, and was not merely negligent." *Jones*, 691 F.3d at 81 (citing *Cash v. Cnty. of Erie*, 654 F.3d 324, 334 (2d Cir.2011)). It is thus apparent from the face of the Complaint that the Plaintiffs cannot state a claim for *Monell* liability against the City.

Therefore, the Court grants the City's motion to dismiss the Section 1983 action against it in its entirety.

## C. THE CLAIMS AGAINST JOHN AND JANE DOE NEW YORK CITY LAW ENFORCEMENT AGENTS.

The Court further dismisses the claims by the Plaintiff against the City John and Jane Does due to the expiration of the statute of limitations, and denies the Plaintiffs leave to amend the Complaint to add the names of the individual defendants.

### 1. The Statute of Limitations.

The limitations period for Section 1983 claims in New York is three years. *See Owens v. Okure*, 488 U.S. 235, 250 (1999); *see also Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997). The statute of limitations for any of the Plaintiffs' pendant state law claims is one year and 90 days. *See Santiago v. City of New York*, No. 15-cv-00517, 2016 WL 11447843, at *4 (E.D.N.Y. Sept. 6, 2016) ("While federal civil rights claims are governed by a state's general statute of limitations, where a complaint also alleges violations of state law, the state claims must meet their specific statutory requirements."), *report and recommendation adopted*, 2016 WL 5395837 (E.D.N.Y. Sept. 27, 2016); N.Y. Gen. Mun. Law § 50-i(c) (providing statute of limitations for intentional tort claims against municipalities). The federal claims accrue at the time a plaintiff knows or has reason to know of the injury that is the basis of his or her action, *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980), whereas the claims under New York law accrue at the time of the incident. N.Y. Gen. Mun. Law § 50-i(c).

All of the Plaintiffs' claims accrued on November 6, 2014, the date of the purported unlawful search and detention. ECF 1 ¶¶ 45, 47–49, 53–55. Any state law claims against the City John and Jane Does expired prior to the filing of the Complaint on November 6, 2017. As for the federal claims, the filing of the Complaint on September 15, 2017 would normally render them timely, because the Plaintiffs brought their action before the expiration of the limitations period on November 6, 2017. However, the Plaintiffs only named the New York City Law Enforcement

Agent defendants as John and Jane Does, and the Plaintiffs failed amend the Complaint to include the identities of these individual defendants before the November 6, 2017 cutoff. For this reason, the claims against the City John and Jane Does fall outside the applicable statutes of limitations. The Plaintiffs agree and seek leave to amend the Complaint pursuant to Rule 15(a).

### 2. Leave to Amend the Complaint

"It is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Tapia-Ortiz v. Doe, et al.*, 171 F.3d 150, 152 (2d Cir. 1999)) (quoting *Aslanidis v. United State Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993)). "Thus, in order to amend a pleading to replace a John Doe Defendant with a named Defendant where the statute of limitations has run, the claims must relate back as provided by Rule 15(c)." *Morales v. Cty. of Suffolk*, 952 F. Supp. 2d 433, 436 (E.D.N.Y. 2013) (Spatt, J.). The Court finds that the circumstances do not warrant relation back under Rule 15(c), and accordingly denies the Plaintiffs leave to amend the Complaint.

#### a. Rule 15(c)(1)(C)

An amended complaint that adds a new party must meet the following criteria to relate back under Rule 15(c)(1)(C):

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and (4) the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and the original complaint was filed within the limitations period.

*Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468–69 (2d Cir. 1995) (internal alterations omitted, emphasis in original)).

The Plaintiffs provide no explanation whatsoever for their failure to name the City John and Jane Does. In fact, they do not even reference Rule 15(c), instead choosing to broadly seek leave to amend under Rule 15 "in the interest of justice". ECF 16 at 5. The Plaintiffs failed to mention the name the officers they intend to substitute for the John Does, let alone supply a proposed amended complaint. "This is an insufficient showing, and sufficient reason to summarily deny the Plaintiff[s'] motion to amend [their] complaint pursuant to Rule 15." *Boston*, 326 F. Supp. 3d at 11; *see also Martinez v. City of New York*, No. 12-cv-3806, 2012 WL 4447589, at *2 (E.D.N.Y. Sept. 25, 2012) (dismissing individual claims where "Plaintiff [had] not suggested that anything prevented him from naming individual defendants or otherwise amending his claim in a timely fashion"); *Urena v. Wolfson*, No. 09-cv-1107, 2011 WL 7439005, at *4 (E.D.N.Y. Aug. 24, 2011) (dismissing individual claims where plaintiff did "not claim that he made a mistake concerning the identities of these defendants" and "simply chose to wait until [after the expiration of the limitations period] to add . . . individuals as defendants"), *report and recommendation adopted*, 2012 WL 669059 (E.D.N.Y. Feb. 29, 2012).

Even assuming that the reason for their failure to name the City John and Jane Does stemmed from a lack of knowledge as to their identities, the law of this Circuit is that "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Barrow*, 66 F.3d at 470; *see also Hogan*, 738 F.3d at 518 ("This Court's interpretation of Rule 15(c)(1)(C) makes clear that the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'"); *Boston*, 326 F. Supp. at 11 (collecting cases and holding that *Barrow* is still good law, except in certain exceptional circumstances).; *Morales*, 952 F. Supp. 2d at 437–38 (same).

Therefore, the Court finds that the Plaintiffs cannot avail themselves of relation back under Rule 15(c)(1)(C).

### b. Rule 15(c)(1)(A)

However, "even if a plaintiff's claims are barred by Rule 15(c)(1)(C), the Second Circuit has held that an amended pleading asserting § 1983 claims against John Doe defendants may still relate back under Rule 15(c)(1)(A)." *JCG v. Ercole*, No. 11-cv-6844, 2014 WL 1630815, *13 (S.D.N.Y.) (citing *Hogan*, 738 F.3d at 518), *report and recommendation adopted* 2014 WL 2769120 (S.D.N.Y. 2014). Rule 15(c)(1)(A) establishes that amendments to a pleading relate back to the date of the original pleading when "the law that provides the applicable statute of limitations allows relation back."

The statute of limitations provided in New York State law "provides a more forgiving principle of relation back in the John Doe context, compared to the federal relation back doctrine under Rule 15(c)(1)(C)." *Hogan*, 738 F.3d at 518. Section 1024 of the New York CPLR, which creates a special procedure for claims brought against John Doe Defendants, states that:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024.

Under Section 1024 of the New York CPLR, a court may allow a plaintiff to substitute a named party for a John Doe party if the plaintiff meets two requirements: (1) "'exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name,'" and (2) "describe the John Doe party 'in such form as will fairly apprise the party that [he] is the intended defendant.'" *Hogan*, 738 F.3d at 518–19 (quoting *Bumpus v. N.Y.C. Transit Auth.*, 66

A.D.3d 26, 883 N.Y.S.2d 99, 104 (2009)). A plaintiff must then "ascertain the identity of unknown 'Jane Doe' parties, and ... serve process upon them, within 120 days from filing." *Bumpus*, 66 A.D.3d at 31, 883 N.Y.S.2d at 105; *see also JCG*, 2014 WL 1630815, at *13 ("If a plaintiff fulfills these conditions, he 'must then ascertain the identity of unknown [John] Doe parties, and ... serve process upon them, within 120 days from filing [the original complaint].'" (quoting *Williams v. United States*, No. 07-cv-3018, 2010 WL 963474, at *12 (S.D.N.Y. Feb. 25, 2010))). The 120–day deadline imposed by CPLR 305–b may be extended "upon good cause shown or in the interest of justice." N.Y CPLR 305–b.

Here, the Plaintiffs cannot avail themselves of Section 1024, because they neither exercised the necessary due diligence nor adequately described the City John and Jane Does. In fact, the Plaintiffs failed to even mention Section 1024 in support of their claim that an amendment to identify the proper individual defendants would relate back to the filing of the original complaint.

With regard to the Plaintiffs' diligence, the Plaintiffs provide no indication that they undertook even bare minimum efforts to discover the identity of the City John and Jane Does. Their opposition omits any mention of the steps they took, such as contacting the City's counsel, filing a Freedom of Information Act request, or anything of the like. Unsurprisingly, the City affirms that no such inquiries occurred. The Plaintiffs therefore cannot rely on Section 1024 to bring their claims within the applicable statute of limitations. *See Fahlund v. Nassau Cty.*, 265 F. Supp. 3d 247, 258 (E.D.N.Y. 2017) (Spatt, J.) (dismissing complaint where plaintiff had "not furnished any evidence to the Court that he attempted to discern the names of individual officers before the statute of limitations had run"); *Harris v. City of New York*, No. 16-cv-1214, 2018 WL 4471631, at *4 (E.D.N.Y. Sept. 18, 2018) (dismissing case where there was "no evidence that Plaintiff attempted to identify Defendant Gebbia before the expiration of the statute of

limitations"); *Santiago*, 2016 WL 11447843, at *5 (dismissing complaint where "[n]othing in the record suggests that counsel ever sought the Officers' identities prior to the expiration of the limitations period or sought an extension of time to do so").

Assuming the Plaintiffs took the minimal efforts necessary to discover the identity of the City John and Jane Does, the Complaint failed to adequately describe them. The events underlying the Complaint took place in the Town of Riverhead, Suffolk County, New York. ECF ¶¶ 7, 9,16. The Complaint totally lacks factual allegations or other details either linking those events to the City or otherwise describing the City John and Jane Does. It provides no description of the agents, their agency, or the basis for the belief that the agents were employed by the City. As a result, the Court finds that the City John and Jane Does could not apprise they are the intended defendants based on the allegations set forth in the Complaint. *See Harris*, 2018 WL 4471631, at *4 (dismissing case where the "initial complaint [was] utterly devoid of any description of the John Doe Defendants involved in her arrest"); *Escoffier v. City of New York*, No. 13-cv-03918, 2017 WL 9538603, at *4 (S.D.N.Y. Jan. 4, 2017) (dismissing John Doe complaint where complaint consisted of "vaguely described incidents that took place in unspecified police precincts in 'about' April of 2013 or on 'about' April 12, 2013"), *report and recommendation adopted*, 2017 WL 3206337 (S.D.N.Y. July 27, 2017); *Santiago*, 2016 WL 11447843, at *6 ("The Complaint here . . . only indicates that a group of twenty officers engaged in unspecified actions, somewhere in Brooklyn, at some time on February 8, 2012. No description of the Officers is provided, let alone a sufficient one, nor is any indication given of why Santiago was arrested. This is insufficient to impute knowledge to the Officers.").

Therefore, the Court denies the Plaintiffs leave to amend the Complaint to replace the City John and Jane Does with the actual identities of the New York City Law Enforcement Agents.

### D. THE STATE LAW CLAIMS AGAINST THE CITY

While the Supreme Court has held that state law notice-of-claim requirements do not apply to actions under 42 U.S.C. § 1983, it carefully noted that "federal courts entertaining state-law claims against . . . municipalities are obligated to apply the [state's] notice-of-claim provision." *Felder v. Casey*, 487 U.S. 131, 151, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988). Under New York law, "service of a notice of claim within ninety days from the accrual of a cause of action founded in tort is a condition precedent to a lawsuit against the [City] or its employees," *Feliciano v. County of Suffolk*, 419 F. Supp. 2d 302, 315 (E.D.N.Y. 2005), and "[f]ederal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement, nor can a federal court grant a plaintiff permission to file a late notice of claim," *Dillon v. Suffolk Cty. Dep't of Health Servs.*, 917 F. Supp. 2d 196, 216 (E.D.N.Y. 2013) (Spatt, J.) (quoting *Dingle v. City of New York*, 728 F. Supp. 2d 332, 348-49 (S.D.N.Y. 2010)); *see also* N.Y. Gen. Mun. Law § 50-k(6) ("No action or proceeding ... shall be prosecuted or maintained against the city or any agency or an employee unless notice of claim shall have been made and served upon the city in compliance with section fifty-e of this chapter and within ninety days after the claim arises.").

Here, the Plaintiffs only filed a Notice of Claim with the Town, and not the City. ECF 1 at 8; ECF 13 ¶ 3. The Plaintiffs do not contest this point. As a result, the Court lacks jurisdiction to hear the Plaintiffs' state law claims. *See Wong v. Yoo*, 649 F. Supp. 2d 34, 74–75 (E.D.N.Y. 2009) ("There is no dispute, however, that defendants Yoo and Viani never served a notice of claim on the City, much less within 90 days of those dates. Accordingly, even if their claims were timely, defendants Yoo's and Viani's § 50–k(2) claims would be dismissed for failure to comply with applicable notice-of-claim requirements."); *Bradshaw v. City of New York*, No. 15-cv-2166, 2017

14

WL 6387617, at *4 (E.D.N.Y. Aug. 22, 2017) (dismissing complaint against city where plaintiff had "not clearly alleged that he filed a notice of claim within ninety days of" incident); *Cooper v. City of New York*, No. 14CV3698ENVPK, 2016 WL 4491719, at *10 (E.D.N.Y. Aug. 25, 2016) (dismissing cause of action against city where plaintiff "[w]ith no explanation, . . . missed the statutory deadline"); *Colson v. Haber*, No. 13-cv-5394, 2016 WL 236220, at *6 (E.D.N.Y. Jan. 20, 2016) (dismissing case where Plaintiffs had "not filed any notice of claim in connection with the" incident prior to motion to dismiss").

Therefore, the Court finds that the City would be entitled to dismissal of the state law claims, regardless of their timeliness.

### III. CONCLUSION

For the foregoing reasons, the Court grants the City's motion to dismiss in its entirety. The Plaintiffs' claims against the City and the City John and Jane Does are dismissed. The Clerk of the Court is respectfully directed to amend the caption as follows:

```
-----------------------------------------------------------X
ELENDELL BOGGS and RANDY MOUZON,

                Plaintiff,

        -against-

TOWN OF RIVERHEAD, Riverhead Town
Police Officers "JOHN DOES" 1-10 and
"JANE DOES" 1-10, in their official and
individual capacities; RIVERHEAD VILLAGE
PRESERVATION LLP and; New York State
Law Enforcement Agents "JOHN DOES" 1-10
and "JANE DOES" 1-10, in their official and
individual capacities,

                Defendants.
-----------------------------------------------------------X
```

15

**SO ORDERED**.

Dated: Central Islip, New York

November 7, 2018

              ___/s/ Arthur D. Spatt____

              ARTHUR D. SPATT

              United States District Judge