FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 20 2020 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ELENDELL BOGGS and RANDY MOUZON,

                Plaintiff,

                -against-

TOWN OF RIVERHEAD, Riverhead Town
Police Officers "JOHN DOES" 1-10 and "JANE
DOES" 1-10, in their official and individual
capacities; RIVERHEAD VILLAGE
PRESERVATION LLP; and New York State
Law Enforcement Agents "JOHN DOES" 1-10
and "JANE DOES" 1-10, in their official and
individual capacities,

                Defendants.
-----------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**
2:17-cv-05411 (ADS) (SIL)

**APPEARANCES:**

**Law Office of Harriet A. Gilliam**
*Attorney for the Plaintiffs*
21 W Second St
Po Box 1485
Riverhead, NY 11901
        By:    Harriet A. Gilliam, Esq., Of Counsel.

**Campolo, Middleton & McCormick, LLP**
*Attorneys for Defendants Town of Riverhead and Riverhead Town Police Officers Joh Does 1-10
and Jane Does 1-10*
4175 Veterans Memorial Hwy
Ronkonkoma, NY 11779
        By:    William McDonald, Esq.,
                Meghan McGuire Dolan, Esq., Of Counsel.

**London Fischer LLP**
*Attorneys for Defendant Riverhead Village Preservation LLP*
59 Maiden Lane, 39th Floor
New York, NY 10038
        By:    Brian Patrick McLaughlin, Esq., Of Counsel.

1

**SPATT, District Judge:**

The plaintiffs Elendell Boggs ("Boggs") and Randy Mouzon ("Mouzon") (collectively, the Plaintiffs") bring this action pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging violations of their federal and state constitutional rights by the Town of Riverhead (the "Town"), Riverhead Village Preservation LLP, and various law enforcement officers named as John and Jane Does.

Presently before the Court is a motion, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P." or "Rule") 72(a), by the Town and Riverhead Town Police Officer "John Does" 1–10 and "Jane Does" 1–10 (collectively, the "Town Defendants"), objecting to an order by United States Magistrate Judge Steven I. Locke compelling the deposition of the Town's Chief of Police. ECF 49 (the "Order").

For the following reasons, the Court grants the Town Defendants' motion and sustains their objections to the Order.

## I. BACKGROUND

### A. THE ALLEGATIONS IN THE COMPLAINT.

This action arises from an incident that allegedly took place on November 6, 2014 at the Plaintiffs' apartment in Riverhead, Suffolk County, New York. ECF 1 ¶ 16. According to the Plaintiffs, law enforcement officers from the Town, the City, and the State of New York entered the Plaintiffs' apartment without requesting permission, showing a search warrant, identifying themselves, or explaining the reason for their presence. *Id.* ¶ 19–21. Upon entering the apartment, they handcuffed all the individuals present, including Mouzon, but not Boggs, who they told to sit on the couch. *Id.* ¶¶ 23–24. The officers then proceeded to search the remainder of the apartment. *Id.* ¶ 31.

The Complaint alleges that the officers "mocked" and "taunted" and threatened the Plaintiffs throughout the search. *Id.* ¶ 38. At some point, one of the officers took Mouzon into a different room and called Boggs into that room 20 minutes later. *Id.* ¶¶ 33–34. Then, the officers told the Plaintiffs that they were looking for Mouzon's son and threatened to arrest the Plaintiffs if they did not assist. *Id.* ¶¶ 35–36. The Plaintiffs further allege that the officers denied Mouzon medical assistance in the form of his asthma inhaler, despite his visible difficulty breathing. *Id.* ¶ 38.

Based on these events, the Plaintiffs allege that the Town, the City, and the State of New York (the "State") conspired to violate their rights under the United States and New York State Constitutions. *Id.* ¶¶ 56–59. The Plaintiffs assert that the Town, the City, and the State engaged the Village, which is the management company of the Plaintiffs' apartment building, in the conspiracy. *Id.* ¶ 17, 27, 57. Accordingly, the Plaintiffs brought this action against the Town, the City, and the Village, as well as Riverhead Town Police Officers, "John Does" 1–10 and "Jane Does" 1–10; New York City Law Enforcement Agents "John Does" 1–10 and "Jane Does" 1–10 (the "City John and Jane Does"); and New York State Law Enforcement Agents "John Does" 1–10 and "Jane Does" 1–10.

On November 7, 2018, the Court granted a motion to dismiss by the City and the City John and Jane Doe; dismissed all claims against those defendants; and denied the Plaintiffs leave to amend.

**B. THE PRESENT DISPUTE.**

On November 14, 2019, the Plaintiffs filed a motion to compel the deposition of the Town of Riverhead Chief of Police David Hegermiller ("Chief Hegermiller"). The Plaintiffs contended they needed to depose him because he allegedly "has information as to the operations and

3

procedures of the Department and its officers when it comes to cooperating with other municipal law enforcement agencies, as was the case here, and information which may lead to discoverable information as to documentation or procedures which cover the actions and involvement of the officers in this matter, as well as the preparation and processing of required documentation." ECF 42 at 1–2.

On December 4, 2019 Judge Locke initially denied the Plaintiffs' motion to compel, without prejudice, in order for them to determine if the impending depositions of Town of Riverhead police officers Sergeant Atkinson, Sergeant Welsley and Detective McDermitt would enable them to ascertain what these policies and procedures were, and whether they were followed in this case. ECF 44.

The Plaintiffs claim that those depositions were not determinative and failed to unearth the information they sought. Further, the Plaintiffs claim that the officers' deposition testimony revealed inaccuracies in the Town's response to the first set of interrogatories, which stated that no Town of Riverhead police officers ever entered the Plaintiffs' apartment or participated in any way in the City's conduct on the night of the alleged incident. Sergeant Wesley, Detective McDermitt and another Town officer, Officer Burns, cumulatively testified that at least three Town of Riverhead Police officers—Officer Burns, Detective McDermitt and Detective Sergeant Frost—entered the Plaintiffs' apartment that night. Based on this testimony, on February 21, 2020, the Plaintiffs renewed their motion seeking to depose Chief Hegermiller.

On February 25, 2020, after hearing the oral argument of the parties, Judge Locke granted the Plaintiffs' renewed motion and ordered that Chief Hegermiller appear for a two hour deposition, because "the inconsistencies explained both on the record and in writing are such that

4

[he could not] understand exactly what the policy is that these officers may or may not have complied with in terms of getting into the house." ECF 49 at 11:1–5. He further elaborated that:

> But I think that the inconsistencies as they exist in the record and that fact that I'm anticipating, a trial in this case—I'm not suggesting anything about the merits one way or the other, that Ms. Gilliam will do what plaintiff's lawyers do, which is try to create a narrative and a broad picture, and then plug the individuals into different spots in that picture, in a way that the jury can understand and will support her version. I don't see, as the evidence is unfolding, that she can do that given the memories of the witnesses she has deposed in conjunction with the inconsistencies in the record, and that is the basis for overruling the objection, granting the motion to compel the deposition of the Chief

ECF 49 at 11:23–12:12.

## II. DISCUSSION

When considering an appeal of a magistrate judge's ruling on a non-dispositive matter, a district judge shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. Rule 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). A finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir.2004). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y.2002).

The Court agrees with the Town Defendants that permitting the deposition of Chief Hegermiller under these circumstances would be contrary to law. The party seeking a deposition of a high-ranking official must establish that exceptional circumstances warrant the taking of the deposition. *Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir.

2013). The parties agree that Chief Hegermiller, as the Town of Riverhead Chief of Police, is the sort of official for whom this privilege applies. *See, e.g., Murray v. Cty. of Suffolk*, 212 F.R.D. 108, 109–10 (E.D.N.Y. 2002); *Brown v. Vitucci*, No. 14-cv-5034, 2018 WL 2304739, at *6 (E.D.N.Y. May 21, 2018); *Gil v. Cty. of Suffolk*, No. 06-cv-1683, 2007 WL 2071701, at *1–2 (E.D.N.Y. July 13, 2007).

The Second Circuit has found that exceptional circumstances exist if "the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means." *Lederman*, 731 F.3d at 203. Thus, the Plaintiffs may only take Chief Hegermiller's deposition if "(1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source; and (2) the deposition would not significantly interfere with the ability of the official to perform his or her governmental duties." *Boudouris v. Cty. of Nassau*, No. 14-cv-6719, 2016 WL 4288645, at *1. (E.D.N.Y. 2016).

The Plaintiffs seek information regarding the Riverhead Police Department's assistance to City law enforcement agencies, and what policies and procedures exist regarding documenting that assistance. The Plaintiffs deposed two Riverhead Patrol Sergeants, who testified that no official or written policy exists in that regard. *See* ECF 50 at 3. Their testimony directly resolves the Plaintiffs' inquiry, because they affirmatively testified that the policies and procedures the Plaintiffs seek information on do not exist. The fact that this answer is unsatisfactory to the Plaintiffs, in that they would prefer that such a policy or procedure existed, is of no moment.

Moreover, the Plaintiffs have neither alleged that Chief Hegermiller possesses unique-first first-hand knowledge related to their claims nor explained why Chief Hegermiller would likely contradict the testimony of those Sergeants. *See Ebbert v. Nassau Cty.*, No. 05-cv-5445, 2007 WL

674725, at *6 (E.D.N.Y. Mar. 5, 2007) (denying motion to compel deposition of high ranking government official where "[n]o evidence has been presented thus far to demonstrate that Wall had any direct involvement in the actual preparation or administration of the examinations[.]").

The fact that he was the ultimate decision-maker regarding the alleged policy is not a sufficiently exceptional circumstance to compel a deposition. *See Murray v. Cty. of Suffolk*, 212 F.R.D. 108, 109–10 (E.D.N.Y. 2002) (rejecting request to compel the deposition of a police commissioner in a *Monell* case because he was "the ultimate individual in care of departmental policy."); *Universal Calvary Church v. City of New York*, No. 96 CIV.4606RPP, 1999 WL 350852, at *7 (S.D.N.Y. June 2, 1999) (rejecting request to compel deposition of mayor and police commissioners in a *Monell* claim on the sole basis that they were "policy makers").

The Plaintiffs argue that the deposition of Chief Hegermiller is also warranted because the Town Defendants submitted an incorrect response to an interrogatory, by stating that no officers entered the Plaintiffs' apartment on the night of the alleged incident. This response was later shown to be untrue during the depositions of Town police officers. The Court does not understand the Plaintiffs' reasoning. Nothing about that inconsistency makes Chief Hegermiller more likely to possess knowledge about a policy or procedure regarding assisting outside law enforcement agencies than the officers they deposed. Rather, at least circumstantially, it would seem to confirm those officers' testimony that no such policy existed, because it infers the Town lacked written records regarding who entered the Plaintiffs' apartment on the night of the incident.

Therefore, the Court finds that the Plaintiffs have not established exceptional circumstances justifying compelling the deposition of Chief Hegermiller.

## III. CONCLUSION

For the foregoing reasons, the Court grants the Town Defendants' motion pursuant to Rule 72(a) in its entirety and sustains their objections to the Order. The Plaintiffs' demand to depose Chief Hegermiller is hereby quashed.

**SO ORDERED.**

Dated: Central Islip, New York

April 20, 2020

/s/ Arthur D. Spatt

**ARTHUR D. SPATT**

**United States District Judge**